| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** <br> —————————————————————————x | HEARING DATE: To Be Announced <br> HEARING TIME: To Be Announced <br> HEARING PLACE: To Be Announced |

In re:

DREIR LLP,

              Debtor.

—————————————————————————x

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF DREIR LLP,

              Plaintiff,

v.

SUCCESS SYSTEMS, INC.

              Defendant.

—————————————————————————x

**RELIEF IS SOUGHT FROM A**
**UNITED STATES DISTRICT JUDGE**
**AS PER FED. R. BANKR. P. 5011(a)**

Case No. 08-15051 (SMB)
Chapter 11

Adv. Pro. No. 12-01200

## MOTION OF SUCCESS SYSTEMS, INC. TO WITHDRAW THE REFERENCE OF ADVERSARY PROCEEDING NO. 12-01200

Pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011(a) and Local Bankr. Rule 5011-1(a), Success Systems, Inc. (the "Defendant"), by and through undersigned counsel, hereby requests that the District Court withdraw the reference of Adversary Proceeding No. 12-01200 (the "Adversary Proceeding") from the Bankruptcy Court.

Withdrawal of the reference in this Adversary Proceeding is appropriate because the Defendant has demanded a jury trial in its Answer and the Defendant does not consent to a jury trial in the Bankruptcy Court. Pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure, this motion is presented to the Bankruptcy Court to be heard by the District Court.

In support of this Motion to Withdraw the Reference (the "Motion"), the Defendant respectfully states and represents as follows:

## I. SUMMARY OF ARGUMENT

1.      Pursuant to 28 U.S.C. § 157(d), the District Court should withdraw the reference of this adversary proceeding from the Bankruptcy Court because the Motion is timely and the Defendant has cause for seeking the withdrawal. The Motion is timely because the parties have failed to come to an amicable settlement, the discovery period is closed and this case is trial ready. In addition, the Defendant has cause for seeking the withdrawal because litigating this proceeding in the Bankruptcy Court would deprive the Defendant of its right to a jury trial under the Seventh Amendment to the Constitution.

## II. BACKGROUND

2.      On January 16, 2008 (the "Petition Date"), Dreier LLP (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3.      On December 30, 2008, the United States Trustee appointed Sheila M. Gowan as the chapter 11 trustee (the "Trustee") for the Debtor.

4.      Official Committee of Unsecured Creditors of Dreier LLP (the "Plaintiff") is the statutory committee of unsecured creditors appointed by the Office of the United States Trustee on January 8, 2009.

5.      By stipulation and order of the Bankruptcy Court on May 21, 2009, the Trustee assigned to the Plaintiff the right to pursue and collect certain accounts receivables and funds of the Debtor.

6.     On March 22, 2012, the Plaintiff initiated Adversary Case No. 12-01200 by filing a Complaint to direct the Defendant to pay $108,838 to the Debtor.  (Adversary Proceeding Docket No. 1).

7.     On April 24, 2012, the Defendant filed its Answer to the Complaint. (Docket No. 4).

8.     The Defendant included in its Answer a demand for trial by Jury. The Defendant does not consent to trial by jury in the Bankruptcy Court. As of the date of the Motion, the Bankruptcy Court has neither recommended nor opposed withdrawal of the reference. The Defendant has not filed any counter claims. A copy of the Defendant's Answer is annexed hereto as *Exhibit "A"*.

9.     In an Order dated December 28, 2012, the Bankruptcy Court granted leave to the Defendant to file this Motion until January 28, 2013.

### III. LEGAL STANDARD

10.     A preference action under the Bankruptcy Code must be tried by a jury if the defendant demands a jury and has not subjected itself to the jurisdiction of the Bankruptcy Court. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 55 (1989); *In re Clay,* 35 F.3d 190 (5th Cir. 1994). Movant has neither filed a proof of claim nor subjected itself to the jurisdiction of the Bankruptcy Court.

11.     As stated by the United States Supreme Court, "actions to recover preferential or fraudulent transfers were brought at law in the late 18th century England." *Granfinanciera, supra,* 492 U.S. at 43. In 18th Century England, where the type of relief sought constituted a fixed sum of money, the action could only have been brought in courts of law, not in courts of

equity. *Id*. at 46-47. An action at law "carries with it the Seventh Amendment's guarantee of a jury trial." *Granfinanciera*, *Id*. at 55. In this Adversary Proceeding, the Plaintiff seeks exactly $108,838, a sum certain and a legal claim and remedy. Accordingly, the Defendant is entitled to a jury trial in this case.

## IV. RELIEF REQUESTED

12.    The Defendant requests withdrawal of the reference under 28 U.S.C. §157(e), Fed. R. Bankr. P. 5011, and SDNY USBC LBR 5011-1.[1] Section 1334(a) of Title 28 vests federal courts with exclusive jurisdiction over all cases "under title 11" while 28 U.S.C. §157(a) permits the district court of each district to refer these cases to the bankruptcy judges for that district. However, the power of the bankruptcy court to enter final orders in a referred proceeding is limited as constitutionally required. *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982).

**THE COURT SHOULD WITHDRAW
THE REFERENCE BECAUSE THE
MOTION TO WITHDRAW THE
REFERENCE IS TIMELY**

13.    Pursuant to 28 U.S.C. § 157(d), the District Court may withdraw any proceeding otherwise referred to a Bankruptcy Court on "timely" motion of a party and "for cause shown."

---

[1] **Rule 5011-1 WITHDRAWAL OF REFERENCE**

A motion for withdrawal of the reference shall be filed with the Clerk of the Bankruptcy Court. The movant is then required to file with the Clerk of the District Court a copy of the motion, the receipt for payment of the filing fee, three copies of the District Court Civil Cover Sheet, and a copy of any corporate ownership statement previously filed pursuant to Bankruptcy Rule 1007(a) or 7007.1. The movant shall then file with the Clerk of the Bankruptcy Court a statement indicating the Civil Case Number and District Court Judge assigned to the matter. All subsequent papers relating to the motion shall be filed with the Clerk of the District Court.

14.     A motion for withdrawal is "timely" when made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference or at the first reasonable opportunity." *Young v. Snyder,* No. Civ. A. 94-0005, 1994 WL 81955, at *3 (E.D. Pa. March 11, 1994). A motion to withdraw filed after discovery was completed and before the pre-trial is timely. *M Fabrikant & Sons, Inc. v. Long's Jewelers, Ltd.*, 08-CV-1982, 2008 U.S. Dist. LEXIS 50247 (SDNY, June 26, 2008).

15.     The Motion is timely because under 28 U.S.C. § 157(d) the discovery period is over and a pre-trial order has not yet been issued by the Bankruptcy Court.

16.     Furthermore, in an Order dated December 28, 2012, the Bankruptcy Court has allowed the Defendant until January 28, 2013 to file a motion to withdraw the reference of this Adversary Proceeding.

**THE COURT SHOULD WITHDRAW THE REFERENCE BECAUSE LITIGATING THIS PROCEEDING IN THE BANKRUPTCY COURT WOULD DEPRIVE THE DEFENDANT OF ITS CONSTITUTIONAL RIGHT TO A JURY TRIAL**

17.     The Defendant also has "cause" for withdrawing the reference because the Defendant has a constitutional right to a jury trial, which can only take place in the District Court.

18.     The Seventh Amendment to the Constitution provides as follows: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. Const. amend. VII. In *Langenkamp v. Culp*, the Supreme Court expressly confirmed that the right to a jury trial under the Seventh Amendment applies to parties

to a preference action. *See Langenkamp v. Culp*, 498 U.S. 42 (1990). Relying on its earlier decision in *Granfinanceria, S.A. v. Nordberg*, 492 U.S. 33 (1989), the *Langenkamp* Court affirmed that a party to a preference action is entitled to a jury trial unless the party has filed a claim against the debtor's estate. See *Langenkamp*, 498 U.S. 42 at 44.

19.     A Bankruptcy Court cannot conduct a jury trial without the consent of all parties. 26 U.S.C. § 157(e). This is true regardless of whether the case is a core or non-core proceeding. *Deep v. The Recording Industry Association of America,* 2005 U.S. Dist. Lexis 43724 (N.D.N.Y. 2005)*; McCord v. Papantoniou*, 316 B.R. 113, 119 n.7 (E.D.N.Y. 2004) (citing *Rickel & Assoc., Inc.*, 2003 WL 23021972, at *3 n.6 (S.D.N.Y., Dec. 24, 2003).

20.     As indicated above, this is an action by the Plaintiff to seek recovery of allegedly preferential payments. Moreover, the Defendant has not asserted a claim against the debtors' estates or otherwise consented to the jurisdiction of the Bankruptcy Court. Accordingly, pursuant to *Langenkamp*, the Defendant is entitled to a jury trial, which it has demanded in its Answer.

21.     The Bankruptcy Court would not be able to conduct a jury trial in this Adversary Proceeding. A bankruptcy court only has authority to conduct a jury trial "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e). The Defendant does not consent to a jury trial before the Bankruptcy Court.

22.     Numerous courts have specifically found that cause to withdraw exists where a party has a right to a jury trial as to the matter to be adjudicated and does not consent to having a bankruptcy judge conduct the trial. *See, e.g., Nickless v. Creare, Inc. (In Re Haverhill Tech. Group)*, 310 B.R. 478 (2004 Bankr. D. Mass.) ("because the Defendants do not consent to a jury trial in this Court, the adversary proceeding must be tried in the district court,"); *Orion Pictures Corp. v. Showtime Networks, Inc. (In Re Orion Pictures Corp.)*, 4 F.3d 1095 (1993 2nd Cir.);

*NDEP Corp. v. Handl-It (In Re NDEP Corp.)*, 203 B.R. 905 (D. Del. 1996); *In Re Cinematronics*, 916 F.2d 1444 (1989 9th Cir.)

23.     Since the Defendant has a constitutional right to a jury trial, which only the District Court can conduct, there is "cause" for withdrawing the reference. In discussing the factors that a court should consider in deciding whether there is "cause" to withdraw the reference, the Court in *In Re NDEP Corp*., emphasized the importance of the request for a jury trial. *See In Re NDEP Corp*., 203 B.R. at 908. There, the Court wrote that "[the demand for a jury trial] is important, because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial." *Id*.

**THE PLAINTIFF BEARS THE
BURDEN OF DEMONSTRATING
THAT THE BANKRUPTCY COURT
HAS THE JURISDICTION TO
CONDUCT A JURY TRIAL**

24.     For the reasons stated above, the Bankruptcy Court lacks jurisdiction over the person of the Defendant and the subject matter of this Adversary Proceeding. If the reference is not withdrawn, the Defendant respectfully requests that the District Court direct the Bankruptcy Court to dismiss this action for lack of subject matter jurisdiction under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12.

25.     Federal Courts are courts of limited jurisdiction. *Achtman v. Kirby, Mcinerney & Squire, LLP*, 464 F.3d 328, 334 (2nd Cir. 2006). The Plaintiff Trustee bears the burden of demonstrating that the proper jurisdictional prerequisites exist. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("The burden of establishing federal jurisdiction rests on the party

seeking the federal forum."); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (same); *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir. 1991) (same). Accordingly, the Court "must presume that a suit lies outside this limited jurisdiction" until the party seeking the federal forum has proven that his suit belongs in federal court. *Howery, supra,* 243 F.3d at 916.

26.     Withdrawal of the reference is a convenient cure to a jurisdictional defect and this United States Constitution Article I Court is not the proper forum in which to decide the merits of this case. Even if withdrawal of the reference is perhaps inconvenient to the Plaintiff, the Bankruptcy Court should not intentionally act in a forum where its orders would not be dispositive. The convenience and expense of the parties weighs in favor of having the parties litigate the issue once - not once before this Court, and again before a United States Constitution Article III Court.

**THE PLAINTIFF'S CLAIMS AGAINST
THE DEFENDANT ARE COMMON
LAW, NON CORE CLAIMS AND, AS
SUCH, WITHDRAWAL OF THE
REFERENCE IS APPROPRIATE**

27.     The Plaintiff's principal cause of action against the Defendant is, at its very core, is a breach of contract claim based on common law. In addition, the Plaintiff's claims for unjust enrichment and quantum meruit are also common law claims. As such, these are non-core causes of action.

28.     The case of *Claybrook v. Les Schwab Tires Centers of Oregon, Inc.*, Adv. Proc. No. 07-51760, 2008 Bankr., LEXIS 2417 (Bankr. D. Del., Sept. 30, 2008) is instructive as to this classification.  The bankruptcy court in that case held that causes of action involving (1) breach of contract, (2) unjust enrichment, (3) quantum meruit, and (4) turnover of estate property are

non-core proceedings. It said, "It is without dispute that this is essentially a contract dispute which could be addressed outside the bankruptcy arena (emphasis supplied). If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding." Id. at page 1 (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987)."

29.     Section 157 of the Bankruptcy Code "classifies matters as either 'core proceedings,' which a bankruptcy court may 'hear and determine' and on which the court 'may enter appropriate orders and judgment,' or 'non-core proceedings,' which the bankruptcy courts may hear, but for which the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2nd Cir. 1993) (quoting 28 U.S.C. §157(b)(1), (c)(2)); *Stern v. Marshall*, 131 S. Ct. 2594, 2604 (2011). Only the District Court can make a final determination on a suit based on common law. *See Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd*., 12-CV-5859, 2012 U.S. Dist. LEXIS 161401 (S.D.N.Y. Nov. 7, 2012) ("In other words, only Article III courts may make final determinations in common law, equity, and admiralty suits.").

30.     The fact that alleged property of the Debtor's estate is involved in the adversary proceeding before the bankruptcy court is not sufficient to render a claim core. *Id*. citing *U.S. Lines, Inc. v. American Steamship Owners Mutual Protection & Indemnity Ass'n*, 197 F.3d at 638 (2d Cir. 1999); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d at 1102 (2nd Cir. 1993); and *Enron Power Mktg., Inc. v. City of Santa Clara*, No. 01-CV-7964, 2003 U.S. Dist. LEXIS 189, 2003 WL 68036, at *9 (S.D.N.Y. Jan. 8, 2003).

31.     Under *Orion*, determination as to whether the bankruptcy court could issue a final determination is "pivotal," (*see Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*, 12-CV-5859, 2012 U.S. Dist. LEXIS 161401 [S.D.N.Y. Nov. 7, 2012] citing *Orion*, 4 F.3d at 1102), because if a district court must review recommendations de novo, "it would be inefficient to allow the proceedings to go forward, knowing that they will have to be substantially repeated." *Id*. citing *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. at 472 (S.D.N.Y. 2011).

32.     Here, the Bankruptcy Court cannot issue a final determination on the merits because the Plaintiff's claims are non-core, common law claims. As such, judicial efficiency would best be served with the withdrawal of the reference of this Adversary Proceeding.

## <u>CONCLUSION</u>

WHEREFORE, the Defendant respectfully requests that the Court enter an order: (1) withdrawing the standing order of reference to the Bankruptcy Court with regard to this Adversary Proceeding; and (2) granting such other and further relief as the Court deems just and proper.

Dated: January 23, 2013
      New York, New York

             Respectfully submitted,

             JONES & ASSOCIATES
             BY: /s/Roland Gary Jones
             Roland Gary Jones (RGJ-6902)
             1230 6th Avenue 7th Floor
             New York, NY 10020
             Tel. 347-862-9254
             Fax. 212-202-4416
             Email: rgj@rolandjones.com

             *Counsel for the Defendant*

TO:

**Stephen Z. Starr**
Starr & Starr, PLLC
260 Madison Avenue
17th Floor
New York, NY 10016-2401
(212) 867-8165
Fax : (212) 867-8139
Email: sstarr@starrandstarr.com

*Counsel for the Plaintiff*