# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――x

In re:                                             Case No. 08-15051 (SMB)
                                                   Chapter 11
DREIR LLP,

         Debtor.

―――――――――――――――――――――――――x

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF DREIR LLP,
                                                   Adv. Pro. No. 12-01200
         Plaintiff,

v.

SUCCESS SYSTEMS, INC.

         Defendant.

―――――――――――――――――――――――――x

## SUCCESS SYSTEMS, INC.'S
## ANSWER WITH AFFIRMATIVE DEFENSES

**SUCCESS SYSTEM, INC.**, (the "Defendant"), by and through undersigned counsel, answers the Complaint of the Official Committee of Unsecured Creditors of Dreir LLP (the "Plaintiff"), filed on March 22, 2012 (the "Complaint"), and states and alleges as follows:

### JURISDICTION

1.    In response to paragraph 1 of the complaint, the Defendant denies and preserves its right to object to the jurisdiction of the Court as an affirmative defense. To the extent a response is required Defendant denies that Plaintiff is entitled to the relief sought in the complaint.

1

2. Paragraph 2 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

3. In response to paragraph 3 of the complaint, the Defendant denies.

4. In response to paragraph 4 of the complaint, the Defendant denies.

## THE PARTIES

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

8. In response to paragraph 8 of the Complaint, the Defendant admits.

## PROCEDURAL ALLEGATIONS

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

## FACTUAL ALLEGATIONS

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

13. In response to paragraph 13 of the complaint, the Defendant denies.

14. In response to paragraph 14 of the complaint, the Defendant denies.

15. In response to paragraph 15 of the complaint, the Defendant denies.

16. In response to paragraph 16 of the complaint, the Defendant denies.

17. In response to paragraph 17 of the complaint, the Defendant denies.

18. In response to paragraph 18 of the complaint, the Defendant denies.

19. In response to paragraph 19 of the complaint, the Defendant denies.

20. In response to paragraph 20 of the complaint, the Defendant denies.

21. In response to paragraph 21 of the complaint, the Defendant denies.

22. In response to paragraph 22 of the complaint, the Defendant denies.

## FIRST CLAIM FOR RELIEF
(Declaration that the Payments Due and Owed Are
Property of the Estate Pursuant to 11 U.S.C. § 541)

23. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 22 above.

24. Paragraph 24 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required the Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint.

25. In response to paragraph 25 of the complaint, the Defendant denies.

26. In response to paragraph 26 of the complaint, the Defendant denies.

## SECOND CLAIM FOR RELIEF
**(Turn Over of Payments Due and Owed As Property of the Estate Pursuant to 11 U.S.C. § 542)**

27. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 26 above.

28. In response to paragraph 28 of the complaint, the Defendant denies.

29. In response to paragraph 29 of the complaint, the Defendant denies.

30. In response to paragraph 30 of the complaint, the Defendant denies.

31. In response to paragraph 31 of the complaint, the Defendant denies.

## THIRD CLAIM FOR RELIEF
**(Action for Unjust Enrichment)**

32. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 31 above.

33. In response to paragraph 33 of the complaint, the Defendant denies.

34. In response to paragraph 34 of the complaint, the Defendant denies.

35. In response to paragraph 35 of the complaint, the Defendant denies.

36. In response to paragraph 36 of the complaint, the Defendant denies.

## FOURTH CLAIM FOR RELIEF
### (Action for Quantum Meruit)

37. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 36 above.

38. In response to paragraph 38 of the complaint, the Defendant denies.

39. In response to paragraph 39 of the complaint, the Defendant denies.

40. In response to paragraph 40 of the complaint, the Defendant denies.

41. In response to paragraph 41 of the complaint, the Defendant denies.

42. In response to paragraph 42 of the complaint, the Defendant denies.

## FIFTH CLAIM FOR RELIEF
### (Action for Breach of Contract)

43. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 42 above.

44. In response to paragraph 44 of the complaint, the Defendant denies.

45. In response to paragraph 45 of the complaint, the Defendant denies.

46. In response to paragraph 46 of the complaint, the Defendant denies.

47. In response to paragraph 47 of the complaint, the Defendant denies.

## SIXTH CLAIM FOR RELIEF
### (Action for Breach of Implied Contract)

48. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 47 above.

49. In response to paragraph 49 of the complaint, the Defendant denies.

50. In response to paragraph 50 of the complaint, the Defendant denies.

51. In response to paragraph 51 of the complaint, the Defendant denies.

52. In response to paragraph 52 of the complaint, the Defendant denies.

## SEVENTH CLAIM FOR RELIEF
**(Action for Account Stated)**

53. The Defendant restates and incorporates by reference its answers set forth in paragraphs 1 through 52 above.

54. In response to paragraph 54 of the complaint, the Defendant denies.

55. In response to paragraph 55 of the complaint, the Defendant denies.

56. In response to paragraph 56 of the complaint, the Defendant denies.

57. In response to paragraph 57 of the complaint, the Defendant denies.

**WHEREFORE**, based upon the foregoing, the Defendant requests that the Court deny the Plaintiff's requests for relief and award the Defendant such other and further relief as the Court may deem just and proper, including but not limited to attorneys' fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

58. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

59. The Plaintiff is barred from recovering on its claims, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

60. The Plaintiff is barred from recovering on its claims, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred by all applicable state and federal statutes of limitations.

FIFTH AFFIRMATIVE DEFENSE

62. Any alleged acts or omissions of the Defendant giving rise to Plaintiff's claims are the result of innocent mistake despite reasonable procedures implemented by the Defendant.

SIXTH AFFIRMATIVE DEFENSE

63. If the Debtor suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of the Debtor's predecessor-in-interest and not by the Defendant.

SEVENTH AFFIRMATIVE DEFENSE

64. If the Debtor suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others and not by the Defendant.

EIGHTH AFFIRMATIVE DEFENSE

65. The Plaintiff lacks standing to bring this action.

NINTH AFFIRMATIVE DEFENSE

66. The Complaint fails to show that any alleged acts or omissions of the Defendant caused injuries and damages to the Plaintiff or the Debtor.

TENTH AFFIRMATIVE DEFENSE

67. To the extent that Plaintiff or the Debtor has suffered any damages or losses, which is denied, it has failed to mitigate or minimize its alleged damages and has taken or failed to take actions which increase the cause of its alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

68. The Plaintiff's claims are barred because it comes before this Honorable Court with unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

69. To the extent that the Defendant has engaged in any conduct alleged in the Complaint, which is denied, its conduct was reasonable, in good faith, justified, privileged, and/or in pursuit of lawful and legitimate business concerns.

### THIRTEENTH AFFIRMATIVE DEFENSE

70. The Plaintiff's claims are barred in whole or in part by setoff and/or recoupment.

### FOURTEENTH AFFIRMATIVE DEFENSE

71. The Plaintiff's claims are precluded by Debtor's or its predecessor-in-interest's breach of, inter alia, the terms of the contracts that are the subject of this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims may be barred by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

73. This adversary proceeding does not involve or invoke a substantive right provided by the Title 11 of the United States Code (the "Bankruptcy Code") nor could it have arisen in the context of a bankruptcy case. As such, the Plaintiff's claims are not core proceedings which the Bankruptcy Court may hear and determine under 28 U.S.C. §157(b).

74. The claims, being "non-core," cannot be tried before a jury without the consent of the Defendant. Furthermore, any determination by the Bankruptcy Court will be subject to a *de novo* review by the District Court pursuant to 28 U.S.C. §157(c)(1). As such, the continued litigation before the Bankruptcy Court will result in an inefficient use of judicial resources, unnecessary delays and costs to the parties. The Defendant does not consent to a jury trial and does not consent to the entry of final orders by the Bankruptcy Court.

SEVENTEENTH AFFIRMATIVE DEFENSE

75. The Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses. The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

**<u>JURY TRIAL IS DEMANDED AS TO ALL ALLEGATIONS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, IF ANY.</u>**

Dated: April 23, 2012
New York, New York

    Respectfully submitted,

    JONES & ASSOCIATES
    BY: <u>/s/Roland Gary Jones</u>
    Roland Gary Jones (RGJ-6902)
    1230 6th Avenue 7th Floor
    New York, NY 10020
    Tel. 347-862-9254
    Fax. 212-202-4416
    Email: rgj@rolandjones.com

    *Counsel for the Defendant*

TO:

**Stephen Z. Starr**
Starr & Starr, PLLC
260 Madison Avenue
17th Floor
New York, NY 10016-2401
(212) 867-8165
Fax : (212) 867-8139
Email: sstarr@starrandstarr.com

*Counsel for the Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────x

In re:  Case No. 08-15051 (SMB)
 Chapter 11
DREIR LLP,

            Debtor.
───────────────────────────────x

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF DREIR LLP,
 Adv. Pro. No. 12-01200
           Plaintiff,

v.

SUCCESS SYSTEMS, INC.

           Defendant.
───────────────────────────────x

**CERTIFICATE OF SERVICE**

    I, Roland Gary Jones certify under penalty of perjury that on April 23, 2012, I caused to be served Success System Inc.'s Answer with Affirmative Defenses by electronic mail and first class mail[1], postage prepaid, upon the parties listed on the service listed on the service list annexed hereto.

Dated:  April 23, 2012

                                                    **JONES & ASSOCIATES**
                                                    By: /s/Roland Gary Jones
                                                    Roland Gary Jones
                                                    New York Bar No. RGJ-6902
                                                    1230 6th Avenue 7th Floor
                                                    New York, NY 10020
                                                    Tel. (646) 862-9254
                                                    Fax (212) 202-4416
                                                    Email: rgj@rolandjones.com
                                                    *Counsel for the Defendant*

---

[1] Unless another, or additional method of deliver is indicated on the Service List.

**Service List:**

**BY ELECTRONIC MAIL AND REGULAR MAIL**

TO:

**Stephen Z. Starr**
Starr & Starr, PLLC
260 Madison Avenue
17th Floor
New York, NY 10016-2401
(212) 867-8165
Fax : (212) 867-8139
Email: sstarr@starrandstarr.com

*Counsel for the Plaintiff*